# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41273
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee

v.

ERIC RAMIREZ-JIMENEZ,

                                        Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-455-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eric Ramirez-Jimenez pleaded guilty to illegal reentry by a previously deported alien following a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced him to 21 months of imprisonment, and it did not impose a term of supervised release.

Ramirez-Jimenez's sole argument on appeal is that this court should remand the case to the district court to correct a clerical error in the judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41273

regarding the date of his guilty plea.  He pleaded guilty on June 7, 2016, but the judgment incorrectly states that he entered his guilty plea on May 13, 2016.

Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  In this case, both parties agree that the written judgment contains an error as to the date of Ramirez-Jimenez's guilty plea, and under Federal Rule of Criminal Procedure 36, the district court "may at any time correct a clerical error in a judgment."

Accordingly, the Government's motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED.  This case is REMANDED to the district court for the limited purpose of correcting the clerical error in the judgment.  The Government's alternate motion for an extension of time to file a brief is DENIED.